**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| PATRICIA REICH and | ) | |
| MICHAEL OWENS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO. 4:09-CV-01736 |
| | ) | |
| REGENT ASSET MANAGEMENT | ) | |
| SOLUTIONS, INC., and LAW OFFICES | ) | |
| OF D. SCOTT CARRUTHERS, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANTS REGENT ASSET MANAGEMENT SOLUTIONS, INC. AND LAW OFFICES OF D. SCOTT CARRUTHERS TO PLAINTIFF'S COMPLAINT

COME NOW, Defendants Regent Asset Management Solutions, Inc. ("Regent") and Law Offices of D. Scott Carruthers ("Carruthers") (collectively referred to as "Defendants") and, for their Answer to the Complaint filed by Plaintiffs, admit, deny, and aver as follows:

### I.     PRELIMINARY STATEMENT

1.     Defendants deny paragraph 1.

### II.     JURISDICTION & VENUE

2.     Paragraph 2 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendants deny the same.

3.     Paragraph 3 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendants deny the same.

### III.     PARTIES

4.     Defendants are without knowledge or sufficient information with which to admit or deny the allegations in paragraph 4, and therefore deny the same.

OM 47548.1

5.     Defendants are without knowledge or sufficient information with which to admit or deny the allegations in paragraph 5, and therefore deny the same.

6.     Defendants are without knowledge or sufficient information with which to admit or deny the allegations in paragraph 6, and therefore deny the same.

7.     Defendants object to that portion of paragraph 7 which alleges Regent does business in the State of Nebraska, as the issue of whether Regent does business in the State of Nebraska is irrelevant to the subject matter of Plaintiffs' Complaint.  Assuming Plaintiffs intended to reference the State of Missouri rather than the State of Nebraska, Defendants admit that part of Regent's business relates to the recovery of debts in the State of Missouri.  Defendants further admit that Regent is incorporated in the State of Colorado, but deny the remaining allegations in paragraph 7.

8.     Defendants object to that portion of paragraph 8 which alleges Carruthers does business in the State of Nebraska, as the issue of whether Carruthers does business in the State of Nebraska is irrelevant to the subject matter of Plaintiffs' Complaint.  Assuming Plaintiffs intended to reference the State of Missouri rather than the State of Nebraska, Defendants admit that part of Carruthers' business relates to the recovery of debts in the State of Missouri.  Defendants further admit that Carruthers' principal place of business is located in the State of California, but deny the remaining allegations in paragraph 8.

9.     Defendants deny paragraph 9.

10.    Defendants deny paragraph 10.

11.    Paragraph 11 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendants deny the same.

12.    Paragraph 12 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendants deny the same.

OM 47548.1

13.    Paragraph 13 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendants deny the same.

## IV.    ALLEGATIONS

### COUNT I:  PATRICIA REICH V. LAW OFFICES OF D. SCOTT CARRUTHERS

14.    Paragraph 14 incorporates the preceding paragraphs; likewise, Defendants incorporate their responses to paragraphs 1 through 13 as if fully set forth herein.

15.    Defendants deny paragraph 15.

16.    Defendants deny paragraph 16.

17.    Defendants deny paragraph 17.

18.    Defendants deny paragraph 18.

19.    Defendants deny paragraph 19.

20.    Defendants deny paragraph 20.

21.    Defendants deny paragraph 21.

22.    Defendants deny paragraph 22 and its subparts.

23.    Defendants deny paragraph 23.

WHEREFORE, having fully responded to the allegations in the Complaint, Defendants pray that this Court dismiss the claims brought by Plaintiffs with prejudice to future actions, at Plaintiffs' costs, and for such other and further relief as the Court deems just and proper.

### COUNT II: MICHAEL OWENS V. REGENT ASSET MANAGEMENT SOLUTIONS, INC.

24.    Paragraph 24 incorporates the preceding paragraphs; likewise, Defendants incorporate their responses to paragraphs 1 through 23 as if fully set forth herein.

25.    Defendants deny paragraph 25.

26.    Defendants deny paragraph 26.

OM 47548.1

27.     Defendants deny paragraph 27.

28.     Defendants deny paragraph 28.

29.     Defendants deny paragraph 29.

30.     Defendants deny paragraph 30.

31.     Defendants deny paragraph 31.

32.     Defendants deny paragraph 32 and its subparts.

33.     Defendants deny paragraph 33.

WHEREFORE, having fully responded to the allegations in the Complaint, Defendants pray that this Court dismiss the claims brought by Plaintiffs with prejudice to future actions, at Plaintiffs' costs, and for such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Defendants demand a jury trial on all issues triable by jury.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief may be granted.

2.     Plaintiffs' claims are barred by the doctrine of laches, waiver, and/or estoppel because Plaintiffs have failed to timely assert their claims.

3.     Defendants acted in good faith with reasonable grounds to believe that their actions were not in violation of law, including the FDCPA, the actions were unintentional, and/or were the result of a bona fide error as defined in the FDCPA.

4.     Defendants did not act in willful disregard of any requirements of any law.

5.     Plaintiffs' claims may be barred, in whole or in part, to the effect that Plaintiffs failed to mitigate their damages, the existence of which damages Defendants specifically deny.

4

OM 47548.1

6.      Plaintiffs are not entitled to actual or statutory damages under the FDCPA because any alleged violation by Defendants, which Defendants specifically deny, would be *de minimis* or inconsequential.

7.      To the extent it is determined that Defendants violated the FDCPA, which Defendants specifically deny, any award of attorney's fees would be improper because any such violation would be *de minimis* or inconsequential.

8.      Defendants expressly reserve the right to add further affirmative defenses as litigation and discovery of this case progresses.

WHEREFORE, having fully responded to the allegations contained in the Complaint, Defendants pray that this Court dismiss the claims brought by Plaintiffs with prejudice to future actions, at Plaintiffs' costs, and for such other and further relief as the Court deems just and proper.

DATED this 16th day of November, 2009.

> REGENT ASSET MANAGEMENT
> SOLUTIONS, INC., and LAW OFFICES
> OF D. SCOTT CARRUTHERS, Defendants

By:     s/ Patrick T. McLaughlin
>        Patrick T. McLaughlin, #93767
>        SPENCER FANE BRITT & BROWNE, LLP
>        1 North Brentwood Boulevard, Suite 1000
>        St. Louis, MO 63105-3925
>        (314) 863-7733
>        (314) 862-4656(FAX)
>        pmclaughlin@spencerfane.com
>        Attorneys for Defendants

OM 47548.1

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically with the United States District Court for the Eastern District of Missouri, with notice of case activity generated and sent electronically this 16th day of November, 2009, to:

Larry P. Smith
LARRY P. SMITH & ASSOCIATES, LTD.
205 N. Michigan Avenue, 40th Floor
Chicago, IL 60601
lsmith@smithlaw.us

s/ Patrick T. McLaughlin

OM 47548.1